UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS, | Case No. 2:25-cv-2168-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| MULE CREEK STATE PRISON, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brings retaliation claims under 42 U.S.C. § 1983 against two correctional officers—Sacket and Hededuah—Mule Creek State Prison, and a John Doe inmate. His claims against the officers and prison are adequate to proceed past screening, but his claim against the Doe defendant is not. Plaintiff may, if plaintiff chooses, file an amended complaint that addresses the deficiencies noted herein, or he proceed only on the retaliation claims against the officers and prison. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, makes the required showing and will be granted.[1]

---

[1] Plaintiff is a "three-striker" within the meaning of Title 28 U.S.C. § 1915(g). *See Williams v. Patterson*, No. 2:22-cv-1083-DAD-CKD (P) (E.D. Cal May 18, 2023) (declaring plaintiff to be a three-striker within the meaning of 28 U.S.C. § 1915(g)). A "three-striker" plaintiff may be afforded an opportunity to proceed *in forma pauperis* under section 1915(g) if he alleges that he was in imminent danger at the time he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). Plaintiff's allegation that the John Doe inmate threatened to get a weapon from the defendant officers to stab plaintiff

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

demonstrates that he was under imminent threat of serious physical injury at the time of filing. *See* ECF No. 1 at 6-7. Therefore, the court finds that the imminent danger exception applies and grants plaintiff's application to proceed *in forma pauperis*.

**Analysis**

Plaintiff alleges that on July 10, 2025, Hededuah confiscated plaintiff's new color television because it had speakers, a feature not allowed at Mule Creek State Prison. ECF No. 1 at 4. The same day, when plaintiff attempted to retrieve his television, defendant John Doe, an inmate worker, allegedly influenced defendant Hededuah not to return the television. *Id.* at 5. Plaintiff filed a grievance. *Id.* Two days later, Doe approached plaintiff and offered to get plaintiff's television back for $100. *Id.* Plaintiff filed a second grievance, this time regarding Doe's behavior. *Id.* Plaintiff claims that on July 31, 2025, Doe approached plaintiff in the exercise yard and told him that Hededuah and Sacket had informed him of plaintiff's second grievance. *Id.* at 6. Plaintiff told Doe to tell Sacket and Hehduah that plaintiff intended to report that breach of policy (inmates should not be aware of grievances), which irritated Doe. *Id.* at 6-7. Doe yelled at plaintiff, "if you do [report the incident] they [Sacket and Heheduah] will give me a knife to stab you. You['re] not getting your T.V. back." *Id.* at 7. Doe then pulled at plaintiff's walker in an attempt to throw him off balance. *Id.*

Plaintiff alleges that the California Department of Corrections and Rehabilitation has a policy of prohibiting inmates from having direct access to prisoner grievances, having control over other inmates, and holding similar jobs as correctional officers to prevent over-familiarity. *Id.* at 7. Plaintiff alleges that Mule Creek ignores those policies and, in addition, has a practice of allowing officers to confiscate disabled inmates' entertainment appliances and of allowing inmate workers to resell the confiscated goods back to the disabled inmates. *Id.* at 7-8.

Plaintiff brings a single claim of retaliation against all defendants. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). For purposes of screening, the complaint alleges valid retaliation claims against Sacket, Hededauh, and Mule Creek.

Plaintiff's § 1983 claim against the Doe is not cognizable, however. Plaintiff seeks to extend § 1983 liability to another inmate, a practice that courts have consistently rejected. *See Jackson v. Foster*, 372 F. App'x 770, 771 (9th Cir. 2010) (concluding that "the district court properly dismissed Jackson's excessive force claim because [fellow] inmate . . . did not act under color of state law under any formulation of the governmental actor tests"); *Gettimier v. Burse*, No. 2:13CV44HEA, 2015 WL 75224, at *5 n.3 (E.D. Mo. Jan. 6, 2015) ("The fact that a fellow inmate is not a 'state actor' for purposes of § 1983 litigation is so fundamental as to not require citation."); *Rigano v. Cty. of Sullivan*, 486 F. Supp. 2d 244, 256 n.15 (S.D.N.Y. 2007) ("Plaintiff also appears to bring a claim against the inmate defendants pursuant to 42 U.S.C. § 1983. It is well-established that a § 1983 claim is only cognizable against a state actor and not a fellow inmate."); *Williams v. Calidonna*, 09:06-CV-0178, 2007 WL 432773, at *1-2 (N.D.N.Y. Feb. 2, 2007) (dismissing § 1983 action against inmates despite allegation they were working as state informants).

Plaintiff's theory of liability is that Doe acted in concert with the officer defendants to confiscate plaintiff's property and sell it back to him. Plaintiff also alleges that the officers told Doe about plaintiff's grievance and would provide Doe with a weapon to harm plaintiff if plaintiff filed any more grievances. The complaint has not, however, demonstrated that Doe was acting in a manner sufficient to make him a state actor.

In *Lugar v. Edmondson Oil Corp.*, 457 U.S. 922, 937 (1982), the Supreme Court established a two-part state-action test to determine whether conduct that allegedly caused a deprivation of a federal right could be fairly attributable to the State. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible [state policy] . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor [state actor]." *Id.* Both parts of the *Lugar* test must be satisfied for there to be state action. *Lugar*, 457 U.S. at 937-39.

Plaintiff fails to meet the first prong of the *Lugar* test; he has not articulated any state-created right, privilege, or rule that Doe exercised to retaliate against him. *See Adickes v. S.H.*

4

1  *Kress & Co.*, 398 U.S. 144, 162 n.23 (1970) ("Whatever else may also be necessary to show that
2  a person has acted 'under color of a statute' for purposes of § 1983 . . . we think it essential that
3  he act with the knowledge of and pursuant to that statute."). Instead, plaintiff alleges that Doe
4  acted in contravention of state law and policy by threatening him with a weapon. As another
5  inmate, Doe has no power by virtue of a state law or policy but instead exercised only the power
6  of a fellow inmate. *See Lugar*, 457 U.S. at 940 (finding that the plaintiff's allegation of
7  "malicious, wanton, willful, oppressive, and unlawful acts" were to say "that the conduct of
8  which petitioner complained could not be ascribed to any governmental decision; rather,
9  respondents were acting contrary to the relevant policy articulated by the State"). Put another
10 way, no state-created right, privilege, or rule gave Doe the right to threaten plaintiff. *See id.* at
11 941 (stating that "private misuse of a state statute does not describe conduct that can be attributed
12 to the State"); *West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under
13 color of state law requires that the defendant in a § 1983 action have exercised power 'possessed
14 by virtue of state law and made possible only because the wrongdoer is clothed with the authority
15 of state law.'") (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

16  Plaintiff has not alleged that Doe misused power that he possessed by virtue of a state-
17 created right, privilege, or rule; rather, Doe is alleged to have acted as a private actor misusing
18 available state resources. *See Maraglino v. Espinosa*, No. 1.20-CV-00825-AWI-GSA (PC), 2022
19 WL 17093881, at *4 (E.D. Cal. Nov. 21, 2022) (finding that the inmate defendant who assaulted
20 the plaintiff was not considered to be a state actor because the inmate worker was "acting in a
21 personal pursuit and not at the direction, nor under the scope of her assigned duties").

22  As such, plaintiff may either notify the court that he wishes to proceed on the cognizable
23 excessive force claims against Hededauh, Sacket, and Mule Creek, in which case I will direct
24 service, or plaintiff may elect to amend the complaint. If plaintiff amends the complaint, I will
25 delay serving any defendant and will screen the amended complaint in due course. Plaintiff is
26 reminded that any amended complaint will supersede the current one. *See Lacey v. Maricopa*
27 *Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled
28 "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must indicate plaintiff's intent to proceed only with his retaliation claims against Hededauh, Sacket, and Mule Creek, or file another amended complaint. If plaintiff selects the latter, no defendants will be served until the new complaint is screened.

3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   August 20, 2025                        _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE