UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, | Case No.  2:25-cv-2168-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| MULE CREEK STATE PRISON, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, brought this case alleging that defendants Sackett, Habedank,[1] and Mule Creek State Prison ("MCSP") violated his First Amendment rights by retaliating against him for filing administrative grievances.  On August 20, 2025, I found that those claims could proceed past screening.  ECF No. 6.  I also found, however, that plaintiff's claims against an unnamed inmate failed because he was not a state actor.  *Id.* at 4-5.  I offered plaintiff a choice of filing another amended complaint or proceeding only with his cognizable claims, and he chose the latter.  ECF No. 9.  Defendants were served and have moved to dismiss the complaint for failure to state a cognizable claim.  ECF No. 16.  Plaintiff has filed an opposition, ECF No. 17,

[1] Plaintiff lists this defendant's name as Hededauh, but it appears to be Habedank. Accordingly, I will use the spelling reflected in the motion to dismiss and order the Clerk of Court to change the docket to reflect the proper spelling.  I will do the same for defendant "Sacket," who is properly identified as "Sackett."

1

and defendants have filed a reply, ECF No. 18.  For the reasons stated hereafter, I find that the motion to dismiss should be granted.

### I.     Motion to Dismiss

#### A.     Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

#### B.     Analysis

##### i.     Background

Plaintiff alleges that, on July 10, 2025, defendant Habedank forced him to relinquish a television set because, contrary to prison policy, it had speakers.  ECF No. 1 at 4.  At some later time, Habedank told plaintiff to provide a record of ownership to reclaim the television.  *Id.* at 5. He claims, however, that an unnamed inmate worker, "John Doe," somehow influenced

Habedank, causing him not to reissue the television. *Id.* Plaintiff then submitted a grievance regarding the officer's decision not to return the television, which, as of the complaint's filing, remains pending. *Id.*

Then, on July 12, 2025, John Doe approached plaintiff and told him that, if he gave him one-hundred dollars, he would get the television back. *Id.* Plaintiff alleges that he did not accept that offer and, instead, filed another grievance reporting Doe's actions. *Id.*

On July 31, 2025, Doe allegedly approached plaintiff, who uses a mobility walker, on the exercise yard and angrily confronted him about the grievance that reported his offer to get the television back for cash. *Id.* at 6. Plaintiff tried to deny that he had filed such a grievance, but Doe stated that defendants Habedank and Sackett had told him that it was filed. *Id.* Then plaintiff told Doe that he intended to report the confrontation, and that he could convey that message to the two officers. *Id.* at 7. Doe told plaintiff that, if he did, the officers would give him a knife to stab him and that he was not getting his television back. *Id.* He then began pulling on plaintiff's walker to attack him. *Id.*

### ii.    First Amendment Claims

Based on the foregoing, I found that, for screening purposes, plaintiff had brought cognizable First Amendment retaliation claims against defendants Habedank, Sackett, and MCSP. In their motion to dismiss, defendants argue that the foregoing allegations, taken as true, fail to state a cognizable claim. I now agree.

First, with respect to MCSP itself, the prison is not a viable defendant in a section 1983 action because it is not a "person." *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (Emphasizing that "state agencies which are but arms of the state government are not 'persons' for purposes of the Civil Rights Act. Therefore plaintiff would not be entitled to relief against the California Adult Authority or San Quentin State Prison."). Additionally, as defendants point out, the Eleventh Amendment bars claims for damages against the state, of which the prison is part. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

3

Second, I find that plaintiff's allegations are insufficient to state a First Amendment retaliation claim against defendants Habedank and Sackett. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, the only protected conduct referenced in the complaint is the filing of two grievances. The first grievance was related to Habedank's confiscation of the television, and there does not appear to be any adverse action associated with it. Indeed, after this grievance was filed, the correctional officer defendants do not appear to have taken any action whatsoever; it was John Doe who approached plaintiff and offered to get the television back in exchange for money. Even if this offer could be considered "adverse," I find that it would be insufficient to chill an inmate's exercise of his First Amendment rights. Plaintiff himself alleges that he responded to the offer by filing another grievance. ECF No. 1 at 5.

Neither does it appear that defendants Habedank and Sackett have taken any action related to the second grievance, which was filed not against either officer, but to report the offer made by Doe. And, while Doe allegedly confronted and attacked plaintiff because of this grievance, there is no allegation that he was acting on behalf of Habedank or Sackett. Rather, the allegations indicate that Doe was upset because the grievance had reported his own improper conduct. Plaintiff alleges that Doe yelled "you wrote a 602 about the hundred dollars and me, keep my name out [of] your mouth or I'm gonna beat your ass." *Id.* Plaintiff does allege that Doe learned about the grievance from Habedank and Sackett, but he does not allege that they influenced Doe's response or knew that he would confront plaintiff. Plaintiff's allegation that Doe threatened to get a knife from Habedank and Sackett if he filed a third grievance is also insufficient to state a claim against either officer. He does not allege that either officer had knowledge of this threat or any intent to actually provide Doe with a knife. Thus, he has not sufficiently alleged that either defendant took an adverse action against plaintiff for any protected conduct.

4

Finally, the initial confiscation of the television does not implicate a First Amendment retaliation claim.  Plaintiff does not allege that Habedank confiscated his property in retaliation for any protected conduct.  Rather, he alleges that the confiscation was undertaken because prison policy prohibits possessing a television with speakers.  *Id.* at 4.

I will recommend that defendants' motion be granted and that plaintiff's claims be dismissed with leave to amend.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that defendants' motion to dismiss, ECF No. 16, be GRANTED and plaintiff's complaint, ECF No. 1, be DISMISSED with leave to amend within thirty days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    March 17, 2026                                                                     
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE

5