UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

　　　　　Plaintiff,

　　　v.

MULE CREEK STATE PRISON, *et al.*,

　　　　　Defendants.

Case No.  2:25-cv-2168-DAD-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brings an amended complaint alleging that defendants K. Costa, Sackett, Habedank, "Mule Creek Infield Complex," and "John Doe" violated his: (1) First Amendment rights by retaliating against him for protected activity; (2) Fifth Amendment rights by depriving him of his personal property without due process of law; and (3) Eighth Amendment rights by failing to protect him from another inmate.  ECF No. 20.  Defendants have moved to dismiss the complaint, ECF No. 21, plaintiff has opposed this motion, ECF No. 22, and defendants have filed a reply in support thereof, ECF No. 23.[1]  For the reasons stated hereafter, I

---

[1] Defendants also moved to dismiss the previous complaint, ECF No. 16, and I recommended that motion be granted, ECF No. 19.  Those recommendations are pending before the district judge.  Rather than wait to see if the recommendations are adopted, however, plaintiff filed an amended complaint, ECF No. 20, and, in response, defendants filed the motion at issue.

1

recommend that defendants' motion be granted and the first amended complaint be dismissed without leave to amend.

Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Analysis

Plaintiff alleges that, on July 10, 2025, he was transferred from the California Health Care Facility to Mule Creek State Prison. ECF No. 20 at 5. While being processed into his new facility, defendant Habedank allegedly approached plaintiff and "raised some concern" about his television with speakers. *Id.* at 6. Plaintiff alleges that he was able to produce a receipt to prove ownership of the television, but an "inmate agent" named Joey intervened and convinced Habedank not to issue the appliance back to plaintiff. *Id.* at 7. Habedank then confiscated the

television and various related accessories, including cables, a digital signal amplifier, and an antenna. *Id.* Plaintiff filed a grievance contesting the confiscation and was informed by defendant Costa that "Level 3 IP's" were not allowed to have televisions with installed speakers. *Id.* at 7, 26-27.

Two days later, on July 12, 2025, plaintiff claims that Joey approached him and offered to have his television returned if he paid him one hundred dollars. *Id.* at 12. In response, plaintiff filed another grievance reporting Joey's offer. *Id.* On July 31, 2025, Joey was allegedly escorted by defendants to the outdoor exercise yard where plaintiff was standing. *Id.* at 13. Joey confronted plaintiff about the grievance he had written, and plaintiff denied filing it. *Id.* at 13-14. Joey stated that defendants Habedank and Sackett had told him about the grievance and that he would "beat [plaintiff's] ass" if he spoke about him again. *Id.* at 14. The two inmates continued to argue, though plaintiff does not allege that their altercation turned physical, other than Joey attempting to grab plaintiff's "mobility walker," an action that plaintiff managed to ward off. *Id.* at 14-15.

These allegations do not state a viable claim against any defendant. As to plaintiff's Fifth Amendment claim for deprivation of his television, defendants correctly point out that he can only succeed if he can show that he has a legal right to possess the television. "To establish a violation of the Takings Clause, [a claimant] must first demonstrate he has a property interest that is constitutionally protected." *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010). Here, where officials determined that his television violated prison rules, it goes without saying that he had no constitutionally protected property interest in it.[2] Moreover, in order to allege a Fifth Amendment claim, plaintiff must allege that the television was taken for a public purpose, which he does not. *Williams v. Price*, No. 1:18-cv-00102-LJO-MJS (PC), 2018 U.S. Dist. LEXIS 37538, *27 (E.D. Cal. Mar. 7, 2018) ("Even assuming that Plaintiff has a constitutional interest in the property, the

---

[2] And this does not appear to be an instance where defendants misrepresented the television's prohibited status. In the grievance response, defendant Costa, who was not personally involved in the decision to confiscate the television, noted that it fell into a prohibited category. ECF No. 20 at 26-27.

confiscation of Plaintiff's private property as contraband, whether authorized or unauthorized, would not constitute a taking of property for a public purpose.").

Nor does plaintiff's claim succeed if analyzed under the Fourteenth Amendment. He was not entitled to a hearing before the seizure of unauthorized items. *See Hentz v. Ceniga*, 402 F. App'x 214, 215 (9th Cir. 2010) ("Finally, Hentz's Fourteenth Amendment claim failed because he was not entitled to a hearing before seizure of contraband items or funds implicated in misconduct . . . ."). And the deprivation of a television does not, as it must to state a Fourteenth Amendment claim in the prison context, amount to an atypical and significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Martin v. Hurtado*, No. 07cv0598 BTM (RBB), 2008 U.S. Dist. LEXIS 67583, *35 (S.D. Cal. Sept. 3, 2008) ("Plaintiff's Complaint fails to state a procedural due process claim because the deprivation of his television does not pose an 'atypical and significant hardship' when compared to 'the ordinary incidents of prison life.'").

And, to the extent plaintiff alleges that the confiscation was intended as retaliation for some protected conduct, that claim also fails because confiscation of prohibited items has an obvious and valid penological interest. *See Barnett v. Centoni*, 31 F.3d 813, 815-816 (9th Cir. 1994) ("A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline.").

With respect to plaintiff's Eighth Amendment claim, he fails to allege that he suffered any harm or, indeed, that he was ever seriously threatened by Joey. Thus, he cannot state a plausible failure to protect claim against the defendants, because such a claim requires that defendants' acts or omissions cause a substantial risk of serious harm. *See Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). Here, plaintiff's alleged interaction with Joey, after the latter learned that he was mentioned in a grievance, was unpleasant, but did not escalate into a substantial risk of harm to plaintiff's person.[3]

---

[3] To the extent plaintiff is attempting to raise a separate retaliation claim based on defendants informing Joey about the grievance written against him, that claim fails because plaintiff does not allege that they did so out of an intent to retaliate against him for any protected conduct.

Plaintiff has already been afforded an opportunity to amend, and his complaint still fails to bring a cognizable claim based on the alleged facts.  Accordingly, it makes little sense to dismiss the complaint with leave to amend, thereby requiring defendants to file, and the court to adjudicate, a third motion to dismiss.  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

Accordingly, it is RECOMMENDED that defendants' motion to dismiss, ECF No. 21, be GRANTED, and plaintiff's complaint, ECF No. 20, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 25, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE