UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

Plaintiff,

v.

MULE CREEK STATE PRISON, et al.,

Defendants.

No. 2:25-cv-02168-DAD-JDP P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT WITH LEAVE TO AMEND AND DEFENDANTS' SUBSEQUENT MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND

(Doc. Nos. 16, 19, 21, 24)

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On March 17, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss plaintiff's original complaint (Doc. No. 17) be granted and that plaintiff be granted leave to file an amended complaint. (Doc. No. 19.) Specifically, the magistrate judge concluded at that time that the allegations of plaintiff's original complaint failed to state a cognizable First Amendment retaliation claim against any of the named defendants remaining in this case after screening. (*Id.* at 3–5.)

The March 17, 2026 findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) No objections to those findings and recommendations were filed. Although those findings and recommendations recommended dismissal of plaintiff's original complaint with leave to amend within thirty (30) days of an order adopting them (*id.*), plaintiff did not await an order adopting and instead filed his first amended complaint on April 6, 2026. (Doc. No. 20.) Defendants likewise did not await an order addressing the March 17, 2026 findings and recommendations, and instead filed a motion to dismiss plaintiff's first amended complaint (Doc. No. 21), which plaintiff opposed (Doc. No. 22), and to which defendants replied (Doc. No. 23). (*See* Doc. No. 24 at 1, n1.)

On June 25, 2026, the magistrate judge issued findings and recommendations recommending that defendants' second motion to dismiss (Doc. No. 21) be granted and that plaintiff's first amended complaint be dismissed without further leave to amend. (Doc. No. 24.) Specifically, the magistrate judge concluded at that time that the allegations of plaintiff's first amended complaint failed to state a cognizable Takings Clause claim under the Fifth Amendment or a cognizable Fourteenth Amendment claim with respect to the allege seizure of his television with speakers by corrections officials as unauthorized property. (*Id.* at 3–4.) The magistrate judge also found that plaintiff had again failed to allege facts sufficient to state a First Amendment retaliation claim against any of the named defendants and that his Eighth Amendment failure to protect claim was also not supported by the facts alleged in his first amended complaint. (*Id.* at 4–5.) Finally, the magistrate judge concluded that because plaintiff had already been provided leave to amend with the court's guidance and had been unable to assert a cognizable claim, the granting of further leave to amend would be futile. (*Id.* at 5.)

The June 25, 2026 findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) On July 16, the court received plaintiff's objections to those findings and recommendations. (Doc. No. 28.) Defendant's filed a response to plaintiff's objections. ((Doc. No. 29.)

/////

In his objections plaintiff primarily argues that upon his arrival at Mule Creek State Prison, in light of his security classification and the applicable state regulations, he was entitled to possess the property in question (a television with speakers installed) and that the magistrate judge erred in concluding otherwise. (Doc. No. 28 at 2–4.) In their response, defendants persuasively address plaintiff's objections, pointing out that the attachments to the first amended complaint reflect that the property in question was not authorized. (Doc. No. 29 at 2–3.) Accordingly, the undersigned finds that plaintiff's objections provide no grounds for the rejection of the July 27, 2026 findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that both the March 17, 2026 and June 25, 2026 findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on March 17, 2026 (Doc. No. 19) are adopted in full;
2. Defendant's motion to dismiss plaintiff's original complaint (Doc. No. 16) is granted and plaintiff is granted leave to file a first amended complaint;
3. Defendant's motion to dismiss plaintiff's first amended complaint (Doc. No. 21) is also granted due to plaintiff's failure to assert a cognizable claim and the first amended complaint is dismissed without further leave to amend; and
4. The Clerk of the Court is directed to enter judgment in favor of defendants and to close this case.

IT IS SO ORDERED.

Dated: **September 7, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE